IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VAL-COM ACQUISITIONS TRUST** and **BRIAN SAUL**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1331-L** |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION**, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), filed on January 28, 2011. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **grants** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6).

### I. Factual and Procedural Background

Val-Com Acquisitions Trust ("Val-Com") and Brian Saul ("Saul") (collectively, "Plaintiffs") filed their Original Petition ("Petition") on June 1, 2010, in the 160th Judicial District Court of Dallas County, Texas. Plaintiffs brought their claims against Wells Fargo Bank, National Association ("Defendant" or "Wells Fargo"). Wells Fargo filed its answer on June 29, 2010, denying Plaintiffs' allegations. Wells Fargo removed the case to this court on July 8, 2010, on the bases that Plaintiffs' claims present a federal question, and that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Defendant now moves to dismiss all of

Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Val-Com is the owner of record of property located at 1010 Mystic Trail, Cedar Hill, Texas 75104 (the "Property"), and the authorized attorney-in-fact of Saul with respect to the Property and all transactions relating to the Property. Saul originally purchased the Property on April 2, 2004. In connection with the purchase of the Property, Saul executed both a promissory note (the "Note") of $165,058, payable to RH Lending, Inc. d/b/a/ Residential Home Lending ("RHL") and a deed of trust ( the "Deed of Trust") (collectively referred to as the "Loan"). Val-Com purportedly later acquired the Property from Saul. Wells Fargo is the current mortgagee and mortgage loan servicer of the Note and the current beneficiary of the Deed of Trust.

Plaintiffs contend that Wells Fargo's predecessor violated provisions of the Truth in Lending Act ("TILA") and Regulation Z, and the Real Estate Settlement Procedures Act ("RESPA") by failing to provide Saul with required disclosures and statements, and that Defendant's predecessors failed to comply with the procedures required by the Acts. Plaintiffs contend that Wells Fargo is liable for the violations of TILA and RESPA via its predecessor by becoming the current holder of the Loan. Additionally, Plaintiffs request a declaratory judgment that Wells Fargo is not entitled to enforce the Loan by means of a nonjudicial foreclosure sale, a temporary restraining order, and preliminary and permanent injunctive relief.

## II.   Standards

### A.   Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

### III. Analysis

Wells Fargo contends that Plaintiffs' Petition, which sets forth claims for purported violations of the Truth in Lending Act and Real Estate Settlement Procedures Act, and for fraud in a real estate transaction, in addition to a request for declaratory and injunctive relief, should be dismissed because it fails to state a claim upon which relief may be granted. Additionally, Defendant asserts that each of Plaintiffs' claims is barred by the applicable statute of limitations, and that Plaintiffs are not entitled to equitable tolling of the statute under the discovery rule.

Plaintiffs respond that their Petition is in compliance with the pleading requirements of Rule 8(a). Plaintiffs contend that they need only allege facts sufficient to state elements of a claim and that their allegations are detailed and informative enough to enable Defendant to respond to their Petition. Furthermore, Plaintiffs contend that Saul is an individual consumer borrower who did not discover and could not be expected to discover Defendant's violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act or the false representations and negligent misrepresentations made by Wells Fargo or its predecessors due to the extremely detailed and complex nature of TILA and RESPA. Plaintiffs argue that they are therefore entitled to equitable relief from the statutes of limitation.

#### A. Truth in Lending Act and Real Estate Settlement Procedures Act Claims

Defendant contends that there are insufficient factual allegations to support Plaintiffs' TILA and RESPA claims and that such claims are time-barred by the applicable statute of limitations. Plaintiffs contend that Defendant's predecessor, and subsequently Defendant by coming into possession of the Loan, violated the provisions and procedures of TILA and RESPA because they failed to provide Saul with the required disclosure statements or comply with the required

procedures. As a result of the failed disclosures, Plaintiffs contend that they have suffered actual economic damages.

While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court determines that Plaintiffs do not allege sufficient facts to state a plausible claim to relief. Plaintiffs allege nothing more than that Defendant's predecessor and Defendant failed to make the required disclosures or follow the required procedures of TILA or RESPA. Plaintiffs do not specify what statements Wells Fargo or its predecessor failed to disclose or what procedures Wells Fargo failed to follow. Furthermore, Plaintiffs fail to establish which provisions and procedures of TILA or RESPA Defendant violated. Plaintiffs simply contend that Defendant violated TILA and RESPA because of Wells Fargo's alleged failure to disclose and follow unspecified procedures, and that these violations entitle Plaintiffs to relief. Because of these deficiencies, Plaintiffs have failed to provide sufficient facts to provide Wells Fargo with fair notice of the grounds on which their claims rest. Accordingly, Plaintiffs fail to meet the burden required to defeat a Rule 12(b)(6) motion to dismiss.

Alternatively, even if the allegations of the Petition contained enough factual information to raise a plausible claim to relief, the court determines that the claims in the Petition are time-barred by the applicable statute of limitations. Under TILA, a claim must be brought within one year. 15 U.S.C. § 1640(e). To assert equitable tolling under the statute, "a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was

unable to discover that conduct." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Claims brought pursuant to RESPA, must be brought within one or three years, depending upon the statutory provision that is claimed to be violated. 12 U.S.C. § 2614. Plaintiffs do not specify which subsection Defendant violated. While the Fifth Circuit has not specifically held that equitable tolling is available under RESPA, several district courts have held that, if it is, a plaintiff must show that a defendant actively misled him and that equitable tolling should only be available in "rare and exceptional circumstances." *Vanderbilt Mort. & Fin., Inc. v. Flores*, 735 F. Supp. 2d 679, 694 (S.D. Tex. 2010); *see also Val-Com Acquisitions Trust v. Chase Home Financing LLC*, No. 3:10-CV-1075-L, 2010 WL 4283906, *3 (N.D. Tex. Oct. 28, 2010); *Hamilton v. First Am. Title Co.*, No. 3:07-CV-1442-G, 2008 WL 382803 *3, n.2 (N.D. Tex. Feb. 13, 2008).

Plaintiffs' claims originate from the creation of the Note and the Deed of Trust on April 2, 2004. Plaintiffs did not file their Petition until June 1, 2010, over six years after the Loan was made. A TILA claim must be brought within one year. 15 U.S.C. § 1640(e). A RESPA claim must be brought within one or three years, depending upon the statutory provision claimed to be violated. 12 U.S.C. § 2614. Plaintiffs do not dispute that their Petition was filed after the applicable statute of limitations period; however, they argue that they should benefit from equitable tolling and the discovery rule due to the detailed and complex nature of TILA and RESPA violations that resulted in latent injuries. Plaintiffs contend that because Saul was an individual consumer with limited knowledge, he did not discover and could not be expected to discover Defendant's predecessor's violations or Defendant's continuing violations of TILA or RESPA.

Plaintiffs, however, state nothing to indicate that they could not have discovered Defendants' alleged fraudulent activities sooner, had diligence been exercised. Plaintiffs do not assert that they

**Memorandum Opinion and Order – Page 7**

exercised due diligence or that Defendant tried to conceal the fraudulent conduct. Furthermore, Plaintiffs do not assert that they were actively misled by Defendant or that their situation falls into the category of "rare and exceptional circumstances." Plaintiffs simply state that, because of Saul's position as a consumer, he should not have been expected to discover the latent violations. Plaintiffs have failed to meet the burden required for equitable tolling of the statute of limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Furthermore, a statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Accordingly, the court will dismiss Plaintiffs' TILA and RESPA claims with prejudice against Defendant pursuant to Rule 12(b)(6).

### B. Claim for Fraud in a Real Estate Transaction

Plaintiffs contend that Defendant's predecessor made false representations to Saul of past or existing material facts for the purpose of inducing him to execute the Loan and that Saul relied on these false representations when he executed the Loan. Plaintiffs contend that Defendant's predecessor's false representations were a violation of Section 27.01 of the Texas Business and Commerce Code; therefore, by acquiring the Note, Wells Fargo became liable for the untrue statements since they were manifest in the loan documents and closing documents relating to the Loan. The court determines that Plaintiffs have not alleged enough facts to survive a Rule 12(b)(6) motion to dismiss because they allege only that Defendant's predecessor made false representations. They make no mention as to what these false representations were, how they induced Plaintiff into

executing the Loan, or what if any injury Plaintiffs suffered as a result of these false representations. Plaintiffs simply allege that false representations with regard to material facts were made, relied upon, and as a result, Plaintiffs suffered some unidentified injury.

The court also determines that Plaintiffs' claim is misplaced because fraud in real estate transaction claims only apply to fraudulent misrepresentations made to induce a party to enter into a contract for the sale of land or stock. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008). Furthermore, a loan transaction, even if secured by land, is not considered to come under the statute. *Id.* This dispute does not involve a contract for the sale of land or stock.

Finally, the court determines that Plaintiffs' claim alleging fraud in a real estate transaction is time-barred. Such a claim must be brought "within four years of when the fraud should have been discovered by reasonable diligence." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (citations omitted). For a fraud claim, the action "accrues upon the perpetration of the fraud, or if the fraud is concealed, when it is discovered or, through the exercise of reasonable diligence, should have been discovered." *Pooley v. Seal*, 802 S.W.2d 390, 393 (Tex. App.—Corpus Christi 1990, writ denied). As with the other claims, there is no allegation that Wells Fargo or its predecessor concealed any fraud or that Plaintiffs engaged in any diligence to discover the alleged misrepresentations. These claims therefore accrued at the time the Loan was executed on April 2, 2004, and should have been filed no later than April 2, 2008. The court accordingly determines that this claim is untimely and should be dismissed with prejudice.[1]

---

[1] In Plaintiffs' response, they appear to allege a negligent misrepresentation claim that was not explicit in Plaintiffs' Petition. To the extent Plaintiffs' Petition does allege a negligent misrepresentation claim, such claim would also be time-barred and dismissed because negligent misrepresentation claims have a statute of limitations period of two years. *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008).

### C. Declaratory Judgement

Defendant also moves to dismiss Plaintiffs' request for declaratory relief. Wells Fargo contends that such request simply recasts Plainitffs' TILA and RESPA claims. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). As the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not itself show a present case of controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. State of Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and internal quotations marks omitted). Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief. *Id.* at 357-58; *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). In a declaratory judgement action, the parties litigate the underlying claim, and the

declaratory judgment is merely a form of relief that the court may grant. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990).

The court has determined that Plaintiffs' TILA, RESPA, and fraud in real estate transaction claims will be dismissed pursuant to Rule 12(b)(6) Motion to Dismiss for failure to state a claim. Accordingly, there is no underlying claim for the court to adjudicate, and the court cannot declare a violation of TILA and RESPA. Plaintiffs allege no other facts contesting Defendant's authority to conduct a nonjudicial foreclosure sale. Furthermore, Plaintiffs do not allege any continuing controversy between the parties or the threat of injury in the future. The court thus determines that Plaintiffs' request for declaratory relief should be denied.

### D. Injunctive Relief

Wells Fargo also moves to dismiss Plaintiffs' request for preliminary and permanent injunctive relief. It contends that these claims fail because there is no underlying claim to support the request. Plaintiffs do no respond directly to this argument. The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may issue a preliminary injunction only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the preliminary injunction. The court has determined that Plaintiffs' other claims should be dismissed. As a result, Plaintiffs cannot show a likelihood of success on the merits or actual success on the merits on any claim. Accordingly, the court will deny Plaintiffs' requests for preliminary and permanent injunctive relief.

## IV. Conclusion

For the reasons stated herein, the court **grants** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6). The court **dismisses with prejudice** Plaintiffs' TILA, RESPA, and fraud in real estate transaction claims,[2] and **denies** Plaintiffs' requests for declaratory judgment and injunctive relief. As no claims remain in this action, the court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

[2] Plaintiffs did not request an opportunity to amend their Petition. Moreover, they have not in any way indicated that they can state a claim on which relief can be granted if given an opportunity to amend. Even if the court were to allow amendment, such amendment would be futile in light of the time-barred nature of Plaintiffs' claims.

**It is so ordered** this 23rd day of June, 2011.

                                                                       Sam A. Lindsay
                                                                       United States District Judge